UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

UNITED STATES OF AMERICA,       :     Crim. No. 10-229(NLH)
                                :
                                :
        v.                      :
                                :     **MEMORANDUM OPINION**
ROBERT THOMAS                   :
                                :
                                :
        Defendant               :


On July 29, 2010, this Court accepted Defendant Robert Thomas's plea of guilty to an Indictment charging him with conspiracy to distribute and possess with intent to distribute 500 grams or more of cocaine in violation of 21 U.S.C. § 846. Defendant's conviction subjects him to a mandatory minimum prison sentence of five years and a maximum of forty.  21 U.S.C. § 841(b)(1)(B).  In his plea agreement, defendant agrees not to contest a minimum advisory guideline offense level of 25 and acknowledges the possibility that his prior convictions for cocaine possession and trafficking may render him a career offender under the guidelines.  If such a determination is made, the defendant's advisory guideline range after acceptance of responsibility credit will be 188 to 235 months (Offense Level 31, Criminal History Category VI).  U.S.S.G. § 4B1.1(b).

According to the bail report provided to the parties and the court by Pre-Trial Services, the defendant also has a prior

conviction for false impersonation and arrests for weapons possession and assault. During the plea colloquy, defendant admitted that he brought $93,000 in cuurency to a parking lot as part of a conspiracy to purchase three kilograms of cocaine. While this Court makes no prediction, and at this juncture can have no opinion, on what sentence defendant will ultimately receive, it seems fair to say that it must be within his reasonable contemplation that even with a voluntary admission of guilt, a lengthy prison sentence is possible.

After the Court accepted his plea, defendant moved to be released pending his sentencing arguing that while 18 U.S.C. § 3143(a)(2) admittedly mandates his detention based on the nature of the admitted crime,[1] another statutory provision in the Bail Reform Act, 18 U.S.C. § 3145(c), allows this Court to release him "if it is clearly shown that there are exceptional reasons why [defendant's] detention would not be appropriate." Id. After soliciting and receiving supplemental briefing on the issue presented to the Court and considering the arguments of counsel, the motion will be denied.

Defendant urges the Court to adopt an interpretation of §

---

[1] The defendant concedes as he must that Title 18, U.S.C. § 3143(a)(2) mandates that a judicial officer "shall order that a person who has been found guilty of an offense [under the Controlled Substances Act where the maximum penalty is 10 years or more] and is awaiting imposition or execution of sentence be detained" absent circumstances not present here.

3145 that would allow for release under the above-quoted statutory standard despite the clear language of § 3143(a)(2) mandating pre-sentencing detention. In essence, defendant argues that § 3145(c) which appear on its face to govern appellate courts, also grants district courts, the power to grant an exemption from the mandatory detention provision found in § 3143(a)(2). While this Court is perplexed as to why Congress would choose to enact such a provision in such an unclear and indirect manner, we also recognize that six circuit courts in published opinions,[2] and two circuits in unpublished decisions,[3] have considered the issue and have either so ruled or assumed such an interpretation. Our own Court of Appeals has not addressed this issue.

While this Court, like the court in United States v. Nesser, 937 F. Supp. 507, 509 (W.D.Pa. 1996), would pause before ruling in a manner inconsistent with the such weighty, albeit non-binding, precedent, we need not address this issue. Assuming, without deciding, that this Court may release the defendant pending sentencing under § 3145, defendant has failed to make the

---

[2]United States v. DiSomma. 951 F.2d 494 (2d Cir. 1991); United States V. Carr, 947 F.2d 1239 (5th Cir. 1991); United States v. Herrera-Soto, 961 F.2d 645 (7th Cir. 1992); United States v. Mostrom, 11 F.3d 93 (8th Cir. 1993); United States v. Garcia, 340 F.3d 1013 (9th Cir. 2003); United States v. Jones, 979 F.2d (10th Cir. 1992).

[3]United States v. Weiner, 1992 WL 180697 (1st Cir. 1992); United States v. Cook, 42 Fed. Appx. 803 (6th Cir. 2002).

3

requisite showing of "exceptional circumstances."

As noted in the government's supplemental submission, defendant essentially offers four reasons to justify his pre-sentence release: 1) the support of family and friends, including offers of forfeitable security; 2) ties to the community; 3) his physical condition; and 4) his acceptance of responsibility. None of these arguments, either in isolation or in combination, warrant disregard of the statutory presumption of pre-sentencing detention.

As for family and community support, while it is true that family and friends have pledged financial support it is also true that one of the properties only has $5,000 in equity and another, also of minimal value, is located outside this district. Moreover, the defendant is unable to pledge his own home as security. Under such circumstances, such pledges by third parties may or may not be sufficient to discourage defendant's flight. As for ties to the community, the defendant has notable ties outside the District of New Jersey[4] and when arrested was in possession of tens of thousands of dollars in unexplained cash. It appears that the defendant has both access to funds to finance a flight from the jurisdiction, few personal assets to leave

---

[4] According to Pre-Trial Services, the defendant's mother resides in Texas.

4

behind, and a destination outside the district.[5]

With regard to his physical condition, although it appears uncontested that defendant suffers from an identifiable medical condition that makes him less mobile that others, that condition did not prevent him from driving a car, fleeing from the arresting officers, or committing the admitted offense. It is difficult to understand how that condition is so exceptional as to warrant pre-sentencing release. Finally, while the defendant will be awarded at sentencing for accepting responsibility that factor does not distinguish him from any other defendant who pleads guilty prior to trial. If this factor were enough, no pleading defendant who have to be detained prior to sentencing. Clearly, for the offense of conviction in this case, § 3143 envisions a different result.

In sum, the arguments proffered by defendant in favor of pre-sentencing release are, as the government characterizes them, simply the kinds of garden-variety factors courts consider in granting bail pretrial. There are factors in his favor and countervailing factors against him. Nothing about them is extraordinary or unusual and, even if taken together, fail to arise to the kinds of exceptional circumstances contemplated by §

---

[5] The Court also notes that the defendant lacks substantial financial ties to this District, was initially untruthful with Pre-Trial Services regarding his marital status, and has used an alias in the past.

3145 and are insufficient to disregard the statutory presumption of detention found in § 3143.

As one Court summarized it succinctly, to avoid emasculating the mandatory detention statute "exceptional reasons review is limited to determining whether remanding the defendant to custody until sentencing would be tantamount to subjecting individuals to unjust detention... ." United States v. Christman, 2010 WL 1980980 (E.D. Ky. May 19, 2010). This defendant, whose personal and criminal history, when coupled with the circumstances of this offense, presents some risk of danger to the community and risk of flight, has now been convicted of another serious drug offense and faces a statutory mandatory minimum sentence of five years and a possibly longer sentence. There is simply nothing that would render his post-conviction, pre-sentence detention unjust. Defendant's motion for pre-sentencing release will therefore be denied.

At Camden, New Jersey

NOEL L. HILLMAN, U.S.D.J.